**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 96-50303
Summary Calendar
_____

MARSHALL CONTRACTORS, INC.,

Plaintiff-Appellant,

VERSUS

INTEGRATED GAS SYSTEMS, INC.;
RON WEST; SCOTT SOLGERE; WILLIAM "SPUD" O'NEAL;
ROD GOERGEN; and RANDOLPH GASQUE,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Texas
(A-95-CV-177)

_____

December 11, 1996

Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

Marshall Contractors, Inc. ("Marshall"), appeals a summary judgment in favor of Integrated Gas Systems, Inc. ("IGS"), Ron West, Scott Solgere, William "Spud" O'Neal, Rod Goergen, and Randolph Gasque (collectively, the "Named Defendants"). Finding no

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

error, we affirm.

## I.

This action arises out of a subcontract between Marshall and IGS, pursuant to a $6.8 million construction contract between Marshall, as general contractor, and the University of Texas. After it ceased performing under the subcontract and abandoned the construction project, IGS filed an action against Marshall for breach of contract (the "Original Action"). Marshall counter-claimed in the Original Action, alleging that IGS breached its obligations under the contract by, among other things, falsely indicating that it had completed certain subprojects and had paid various subcontractors accordingly, based upon which representa-tions Marshall paid monies to IGS.

Nearly fourteen months after the Original Action had been filed, Marshall sought to amend its counterclaim to add the Named Defendants in their individual capacities and to add fraud claims arising out of the same operative facts. The district court denied this motion, and Marshall filed the instant action (the "Instant Action") separately alleging the fraud claims excluded from the counterclaim. The district court stayed the Instant Action pending resolution of the Original Action.

A jury found in favor of Marshall in the Original Action but awarded Marshall no damages for breach of contract. After a final judgment had been entered in the Original Action, IGS filed a

motion for summary judgment alleging that the Instant Action was barred by res judicata.  The district court granted the motion.

## II.

Marshall objects to the summary judgment.[2]  The district court found that the issues presented in the Instant Action involved the same claims and causes of action as those litigated previously in the Original Action and thus held that claim preclusion prevented Marshall from bringing the instant action.

We review a grant of summary judgment *de novo*.  *See Hanks v. Transcontinental Gas Pipe Line Corp.*, 953 F.2d 996, 997 (5th Cir. 1992).  Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).

Claim preclusion insures the finality of judgments, thereby conserving judicial resources and protecting litigants from multiple lawsuits.  *See United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994).  Claim preclusion is available only where (1) the parties in the subsequent action are identical (or in privity with) parties in the prior action; (2) the judgment in the prior action

---

[2] Because of the confusion inherent in res judicata as applied to claims versus res judicata as applied to issues, we use the term "claim preclusion" throughout this opinion to refer to the former.

3

was rendered by a court of competent jurisdiction; (3) the prior action concluded with a final judgment on the merits; and (4) the same claim or cause of action was involved in the both actions. *See Eubanks v. FDIC*, 977 F.2d 166, 169 (5th Cir. 1992). If each of the four conditions is satisfied, the movant may invoke claim preclusion to prevent the affected party "from raising any claim or defense in the later action that was or could have been raised in support of or in opposition to the cause of action supported in the prior action." *See Shanbaum*, 10 F.3d at 310.

Because the fourth element only is contested, we must determine whether Marshall's Instant Action involves the same claims or causes of action present in the Original Action.[3] According to Marshall, the focus of the Instant Action "goes beyond whether IGS breached the contract . . . . This case is about how IGS and the individual defendants induced Marshall (and the University of Texas) to release project funds to IGS by knowingly and intentionally misrepresenting material facts regarding the completion of the project and the status of vendor payables." Thus, Marshall posits that because it sounds primarily in tort, instead of in contract (as did the Original Action), the Instant

_____

[3] Marshall contends for the first time on appeal that the first conditionSSidentical partiesSS is not satisfied because in the instant action it is suing individual employees of IGS for their allegedly fraudulent behavior, whereas in the first action Marshall sued IGS in its corporate capacity for beach of contract. Because the "identical parties" prong requires only that the parties be in privity with one another, the element is satisfied. *See Shanbaum*, 10 F.3d at 310.

4

Action is wholly separate and distinct from the former.

"Two lawsuits, however, involve 'different causes of action' for res judicata purposes when the theories of recovery, the operative facts, and the measure of recovery differ." *Schmueser v. Burkburnett Bank*, 937 F.2d 1025, 1031 (5th Cir. 1991) (citation omitted).[4] A final judgment on an action extinguishes the right to bring suit on the transaction, or series of connected transactions, out of which the action arose. *See Barr v. Resolution Trust Corp.*, 837 S.W.2d 627 (Tex. 1992) (adopting the transactional approach to claim preclusion).

It is undisputed that the fraud claims that Marshall alleges in the Instant Action arise out of the same transactionSSnamely, the subcontract between Marshall and IGS for the University of Texas construction projectSSas did the breach of contract claims in the Original Action.  Furthermore, Marshall admits in its reply brief that the very fraudulent actions that Marshall alleges in the Instant ActionSSnamely, that IGS and certain Named Defendants induced Marshall to release project funds to IGS by misrepresenting that work had been completed and that subcontractors had been paid accordinglySSwere the subject, in part, of the Original Action. Whether the duties allegedly owed to Marshall by IGS and the named defendants and allegedly breached in the instant torts action are

---

[4] Marshall interprets *Schmueser* incorrectly to hold that a separate theory of recovery alone is sufficient to avoid claim preclusion.  The conjunctive "and" in the quoted sentence indicates otherwise; all three elements must be present to give rise to a different cause of action.  *See Schmueser*, 937 F.2d at 1031.

5

legally independent of those imposed by contract is immaterial; the causes of action arise out of the same transaction and the same operative facts and thus are res judicata.[5]

Ultimately, Marshall's Instant Action is characterized more properly as an attempt to revisit the denial of its motion to amend its complaint (some fourteen months after filing the original complaint) to add the instant claims in the Original Action: "The case management of this action has denied Marshall its day in court. Marshall originally tried to amend its pleadings to add the present claims and parties as counterclaims in the Original Lawsuit but was denied." We refuse to upset a final judgment and to expose IGS to further legal actions when Marshall could have so had its day in court by exercising a modicum of due diligence in preparing its original complaint or, if necessary, by appealing the denial of its motion to amend.

AFFIRMED.

---

[5] Marshall does raise, however, one wholly separate claim not litigated in the first actionSSthat IGS converted Marshall's property, which was intended to be used on the construction project, and used such property on one or more of IGS's other projects. Although not identical to the previously litigated issues, this claim is similarly barred by claim preclusion because it arises out of the same operative facts as the other claims litigated in the first action.